# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**URSULA COLLIER,**

                                            **PLAINTIFF**

**VERSUS**          **CIVIL ACTION NO.** _1:20-cv-63-HSO-JCG_

                                            **DEFENDANT**

**HEAD MERCANTILE CO. INC.,**
**an Ohio corporation,**

## COMPLAINT

## JURY TRIAL REQUESTED

NOW COMES THE PLAINTIFF, URSULA COLLIER, BY AND THROUGH COUNSEL, Jacob R. Burns, and for her Complaint against the Defendant, pleads as follows:

## PARTIES, JURISDICTION AND VENUE

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. The transactions and occurrences which give rise to this action occurred in the City of Moss Point, Jackson County, Mississippi.

3. Venue is proper in the Southern District of Mississippi, Southern Division.

4. Plaintiff is a natural person residing in City of Moss Point, Jackson County, Mississippi.

5. The Defendant to this lawsuit is Head Mercantile Co. Inc., which is an Ohio corporation that conducts business in the State of Mississippi.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Memorial Hospital of Gulfport, in the amounts of $11,476.00 and $402.00 ("the alleged Debts).

7. Plaintiff disputes the alleged Debts.

8. On July 23, 2019, Plaintiff obtained her Equifax and Trans Union credit disclosures. While reviewing her credit disclosures, she noticed Defendant reporting the alleged Debts.

9. On or about October 1, 2019, Plaintiff sent Defendant a letter disputing the alleged Debt.

10. On November 27, 2019, Plaintiff obtained her Equifax and Trans Union credit disclosures, which showed that Defendant failed or refused to flag the

account reflected by the alleged Debt as disputed, in violation of the FDCPA.

11. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

12. Defendant had more than ample time to instruct Equifax and Trans Union to flag its trade line as Disputed.

13. Defendant's inaction to have its trade line on Plaintiff's credit reports flagged as disputed was either negligent or willful.

14. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Her credit reports continues to be damaged due to the Defendant's failure to properly report the associated trade line.

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

15. Plaintiff reincorporates the preceding allegations by reference.

16. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

18. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6). Defendant's foregoing acts in attempting to collect this alleged debt violated the 15 U.S.C. §1692e(8) by communicating to any person credit information, which is known to be false or should be known to be false, including failure to report a disputed debt as disputed.

19. To date, and a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score.

20. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

21. Plaintiff therefore requests that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## **PRAYER FOR JUDGMENT RELIEF**

Accordingly, Plaintiff prays that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

Plaintiff further prays for any and all relief not prayed for this Court should see fit to grant.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: February 18, 2020.

                                              Respectfully submitted,

                                              /s/Jacob R. Burns_____
                                              Jacob R. Burns
                                              MSB # 104695
                                              P.O. Box 2159
                                              Pascagoula, MS 39569-2159
                                              jacob.richard.burns@gmail.com
                                              (228) 623-5676
                                              facsimile: none